*13 The opinion of the Court was delivered by
Tilghman C. J.
The appellants are children of Hilary Baker, who died in the year 1798. John Richards, the appellee, married Mary, the widow of Hilary Baker and mother of the appellants, in the year 1801; soon after which he was appointed guardian of the seven infant, children of the said Hilary and Mary Baker. When Richards married the widow, she kept a dry-goods shop, and was possessed of goods to a considerable amount, besides outstanding debts.
She was also possessed of a quantity of household furniture and effects,, which had belonged to the estate of her former husband, Hilary Baker, and was in expectation of receiving other property on the death of her father. Previous to her marriage with Richards, articles were executed, by which it was agreed, that she should enjoy all the property which she then possessed, or might afterwards acquire, as her separate estate. She was to have power to dispose óf it, as she pleased, in her life time, or by her last will; and in case of her making no disposition of it by last will or otherwise, it was to be equally divided between all her children by her first husband. There was no inventory of the goods or outstanding debts, but it was agreed, “ that the amount or value of the. goods and chattels, wares, merchandises, and debts, then due, or to become due, to the said Mary, and then outstanding, was 4,000 dollars.” Mrs. Richards, the mother of the appellants, died in the year 1808, intestate, in consequence of which, the appellants became entitled each to one-seventh part of her separate estate. The main dispute is, concerning the amount of that separate estate. The appellants say, that Richards had possession of his wife’s property, and is bound to account to her children for 4000 dollars, the sum at which he agreed to value it. On the contrary, Richards says, that his wife had the free disposal of the property during.her life, and did dispose of part of it; so that the balance in his hands, at the time of her death, amounted to no more than 1732 dollars 92 cents, according to an account which he has rendered. This case was submitted to auditors, in the Orphans’ Court, and the evidence which was before them, has been read to us, by consent. It' appears, that the principal part of the goods, which were the separate property of Mi?. Richards, were sold within a year *14 after her second marriage. But seme of them were kept in the house, and made use of from time to time, for the clothing of her children. She had five daughters, who were dressed very genteelly, and kept as much company as was common for persons of their rank in society. Mr. and Mrs. Richards lived in great harmony, and Mrs. Richards seems to have been supplied with as much money as she desired. The account exhibited by Richards, of his wife’s separate estate, shews the several sums of money received and paid by him, on her account. The gross amount of receipts is 7378 dollars 51 cents, — payments 5845 dollars 59 cents ; leaving a balance, as before mentioned, of 1732 dollars 92 cents. If these payments were all made by the order of Mrs. Richards, (which was the opinion of the auditors, and there appears no good reason to doubt it,) her husband is entitled to an allowance for them. She had a right to dispose of her property as she thought good ; and although her estate was valued, by consent, at 4,000 dollars, for which sum her husband would have been accountable to her children, if she had disposed of no part of it, yet, if she disposed of part, he was chargeable only with the balance. But there is one item of 310 dollars, which is particularly objected to. It is thus expressed: — “ By cash paid Mrs. Richards, for sundries had, on account of my children, 310 dollars.” The objection is, that Richards ought not to have credit, for money paid for goods purchased by himself, for his own children. Whether he has stated his account of his wife’s property in a manner strictly mercantile, I will not say ; but upon viewing both sides of the account, it will appear, that this sum of 310 dollars ought to be deducted. The mode of stating the account is this: — He first charges himself with the several sums received by him, which were the separate property of his wife; one of these charges is, “ To sundries had for my children, 330 dollars 66 cents.” Then, if having increased his wife’s fund to the amount of 330 dollars 66 cents, by throwing into it that sum for sundry articles purchased for his children, he afterwards paid to his wife 310 dollars, which she might spend at her pleasure, he certainly must be entitled to credit for it. She had a right to call for what money she pleased, and her husband, who paid it, was discharged pro tanto. Mrs. Richards’ children, *15 particularly her daughters, (and there were five of them) could not be maintained without considerable expense, Their father’s estate was inadequate to their support, and their mother, who had property, would naturally assist them, This may account for the diminution of her estate-during the seven years for which she was the wife of Mr. Richards. It appears to me therefore, that Richards ought not to be charged with more than the balance of 1732 dollars 92 cents, as stated in his account. But there was other property of his wife, not included in this account: household furniture, plate, books, &c. which had belonged to the estate of Hilary Baker. As these things were in constant family use, no doubt their value (with the exception of plate, of which there was but little) was greatly diminished, before the death of Mrs. Richards. But they were of some value, and whatever it may be, the appellants are entitled to their share. Only two of the children have appealed from the decree of the Orphans’ Court. But it is no answer to them, to say, that their guardian suffered this furniture, books, &c. to go into the hands of some of the family. It was his duty to keep a separate account with every child, and I cannot help remarking, that in this respect he has been extremely negligent. The inevitable consequence is confusion ; and if he suffers by it, he has only himself to blame. All that this Court can do, is, to appoint an auditor, who shall state an account of the goods, &c. of Hilary Baker which was the property of Mrs. Richards, and remained in specie at the time of her death, fixing a reasonable value on them, and crediting each of the appellants with one-seventh part of the whole value. If any of these goods have come to the hands of either of the appellants, they will of course be charged with them. The counsel for the appellants claims interest on the value of these goods, from the time of Mrs. Richards’ death ; but this is bearing rather too hard on the guardian. The furniture, books, plate, &c. would not have sold for much, and as there were a good many children who wanted the use of them, it was not unreasonable to suffer them to remain with the family. The two who appeal, ought to be satisfied with their share of the value, without interest. But interest is claimed likewise on the money, which, according to the guardian’s own. statement, was in his hands, at the *16 time that he was charging his wards with the expefises of' their board and education. The principle adopted by the Court, is, that where money is in the hands of a guardian, which has been used by himself, or which might have been Put out on lnterest but for his negligence, he shall be charged with interest. But he is allowed a reasonable sum for contingencies, and also a reasonable time to put out the surplus. The auditor must be diiected to state an interest account, shewing what money of each of the appellants was in the guardian’s hands, at the end of each six months. A hundred dollars, for each, will be allowed to be retained, for contingencies ; for the balance, provided it amounts to a hundred dollars, the guardian will be chargeable with interest, at the end of six months from the time it has been in hand. A less sum than one hundred dollars could not conveniently be let out, and therefore, unless that sum was in hand, there was no negligence in not letting it out. An interest account, stated on these principles, will be favourable to the guardian, because., as he kept the estates of all the children in mass, he might have between three and four hundred dollars in hand, though not more than fifty dollars belonged to each child. But in this particular case, where it appears that the guardian has considerably overpaid five of the children, who have acquiesced in the decree of the Orphans’ Court, it is most convenient to state the account as it affects the appellants only, throwing out of consideration all that part of the estate, in the hands of the guardian, which did not belong to them. It will be understood, however, that the rule laid down in this case is not intended as a general precedent. When the auditor makes his report, the Court will be enabled to settle the whole matter, by a final, decree.